IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy H. Garrett, ) | C/A No. 0:10-2454-CMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Timothy H. Garrett ("Garrett"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying his claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

**ADMINISTRATIVE PROCEEDINGS**

In May 2007, Garrett applied for SSI and DIB. Garrett's applications were denied initially and on reconsideration and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on May 4, 2009 at which Garrett appeared and testified and was represented by Amanda H. Craven, Esquire. The ALJ issued a decision dated August 26, 2009 finding that Garrett was not disabled. (Tr. 9-17.)

Garrett was born in 1960 and was forty-six years old at the time of his amended disability onset date. (Tr. 23.) He has a high-school education and past relevant work experience as an automechanic's helper and industrial truck operator. (Tr. 137-38, 143.) Garrett initially alleged

disability since February 6, 2005 due to an injured left knee, left knee replacement, right knee problems, nerve problems, back pain, and hepatitis. (Tr. 136.) Garrett subsequently amended his alleged onset date to July 14, 2007. (Tr. 23.)

The ALJ made the following findings and conclusions:

1. The claimant meets the insured status requirements of the Social Security Act through at least the date of this decision.

2. The claimant has not engaged in substantial gainful activity since July 14, 2007, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

* * *

3. In combination, the claimant has severe impairments. The claimant has residuals following left knee injury and subsequent total knee replacement. He has also complained of anxiety and depression. All of the claimant's impairments, symptoms, and complaints have been considered in arriving at a decision in this matter. (20 CFR 416.920(c) and 404.1520(c))[.]

* * *

4. The claimant does not have an impairment or combination of impairments meeting or equaling any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR [4]16.920(d), 416.926, 404.1520(d), 404.1525 and 404.1526).

* * *

5. The claimant is capable of performing sedentary work (20 CFR 416.967). Sedentary work involves lifting no more than ten pounds at a time; standing and walking occasionally (a total of about two hours during the workday); and sitting the remainder of the time.

* * *

6. The claimant is unable to perform any past relevant work (20 CFR 416.965 and 404.1565).

* * *

7. The claimant is a "younger individual" over the age of 45 (20 CFR 416.963 and 404.1563).

8. The claimant has at least a high school education and ability to communicate in English (20 CFR 416.964 and 404.1564).

9. Whether or not the claimant has transferable skills to jobs within the residual functional capacity assessment set out in finding number 5, above, considering his age, education, work experience, and residual functional capacity, there are jobs existing in significant numbers in the national economy that he can perform (20 CFR 416.960(c), 416.966, 404.1560(c) and 404.1566).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from July 14, 2007 through the date of this decision (20 CFR 416.920(g) and 404.1520(g)).

(Tr. 11-17.)

On September 10, 2010, the Appeals Council denied Garrett's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-5.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform his past relevant work; and

(5) whether the claimant's impairments prevent him from doing any other kind of work.

See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.

Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Garrett raises the following issues for this judicial review:

I. The Administrative Law Judge erred in refusing to assign any weight to the opinions of claimant's treating physician.

II. There is no substantial evidence to support the Administrative Law Judge's RFC assessment of the claimant.

III. The ALJ failed to consider the vocational consequences of pain on claimant as required by SSR 96-7p.

IV. The ALJ failed to make a proper credibility determination, as required by ruling 97-7p.

V. The Administrative Law Judge erred in failing to obtain vocational expert testimony in light of claimant's significant non-exertional limitations.

(Pl.'s Br., ECF No. 7.)

## DISCUSSION

**A.     Treating Physician**

Garrett argues that the ALJ erred in failing to give controlling weight to the opinions of Dr. Anthony Sanchez, his treating orthopedist. Garrett further argues that the ALJ erred as a matter of law in failing to analyze Dr. Sanchez's opinions in accordance with 20 C.F.R. § 404.1527(d).

Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has

examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

The record reveals that Dr. Sanchez performed Garrett's total left knee arthroplasty in 2005, (see Tr. 322-23; 260-63), and that Dr. Sanchez has treated Garrett since that time (see Tr. 313-21; 376-86). From 2007 through 2009, Dr. Sanchez issued numerous opinions that Garrett was permanently and totally disabled.[1] (See Tr. 378, 381, 411-23.) These reports also included an opinion by Dr. Sanchez that Garrett would be precluded "from any type of gainful employment necessitating standing, squatting, twisting and even prolonged sitting" due to his back symptoms and his knees. (Tr. 378; 381; 386; 411-23.) There is also an undated opinion from Dr. Sanchez that Garrett had suffered a material change for the worse in his left knee. The ALJ found Dr. Sanchez reported this opinion on or about May 17, 2007. (Tr. 332.)

On May 1, 2009, Dr. Sanchez completed a residual functional capacity ("RFC") assessment. Specifically, Dr. Sanchez opined that Garrett had moderate pain that would distract him in job settings and impair his ability to perform work and daily activities. Dr. Sanchez indicated that Garrett was limited to sitting, standing, walking, and working one hour each in an eight-hour work

---

[1] The court observes that the majority of these opinions are identical, one-paragraph statements that Dr. Sanchez signed approximately once per month from May 2008 through March 2009. (Tr. 381, 411-23.)

day; could occasionally lift up to twenty pounds and frequently lift up to ten pounds; and would miss about four days of work per month. Dr. Sanchez opined that Garrett must elevate his legs to waist level with prolonged sitting due to pain and would have to do this fifty percent of the time during an eight-hour work day. Finally, Dr. Sanchez stated that these limitations had been present since April 2007. (Tr. 424-26.)

> The ALJ stated the following with regard to this opinion:
>
> In May 2009 Dr. Sanchez provided a very limited residual functional capacity assessment showing inability to perform even sedentary work on a regular, sustained basis. Although not accompanied by medically determinable facts and objective findings, the assessment tended to support the claimant's statement during the hearing that his condition had worsened. Considered in light of the record as a whole, Dr. Sanchez's May 2009 assessment did not show inability to perform substantial gainful activity for any period lasting, or expected to last, for at least 12 continuous months.

(Tr. 13.) Later in the ALJ's decision, apparently referring to Dr. Sanchez's reports, the ALJ states that

> [i]t appears from the reports made for worker's compensation purposes that disability findings were made with reference to the claimant's prior work performed at the medium extertional level. As is often true in cases that involve workers compensation claims in addition to Social Security disability claims, the record also contains some conflicting evidence as to the extent of the claimant's limitations and medical needs. The residual functional capacity assessment set out in finding number 5, above, is generally consistent with the record as a whole. In arriving at this decision, proper weight has been given [to] the medical opinions of treating, examining, and non-examining doctors and other evidence of record.

(Tr. 16.)

As an initial matter, it is unclear from these statements what weight the ALJ gave to Dr. Sanchez's opinions. Cf. Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) ("We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence."); Nance v. Apfel, 131 F.3d 135 (4th Cir. Dec. 8, 1997) (Table) ("The ALJ's opinion should reveal the weight given to all the evidence; if the

ALJ chooses to discredit the report of the treating physician, he must articulate the reasons for doing so."). Based on the fact that the ALJ found that Garrett could perform sedentary work and did not include many of Dr. Garrett's limitations in the ALJ's RFC assessment, it appears that the ALJ did not afford Dr. Garrett's opinions controlling weight and either rejected them or found them entitled to little weight.

In support of the ALJ's decision, the Commissioner argues that any statements by Dr. Sanchez that Garrett is disabled are not medical opinions and are issues that are reserved for decision by the Commissioner. The court agrees that to the extent that Dr. Sanchez opined that Garrett is permanently and totally disabled, such a determination is reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(e), 416.927(e) (stating that opinions that a claimant is "disabled" or "unable to work" are reserved to the Commissioner). However, Dr. Sanchez also provided detailed functional limitations that were apparently rejected by the ALJ. The Commissioner appears to argue that the ALJ found that these opinions were inconsistent with the record as a whole, including Dr. Sanchez's own treatment records and the other medical evidence of record.[2] However, the ALJ's decision does not explain the extent to which Dr. Sanchez's opinions on Garrett's functional limitations were not accepted or the reasons they were not accepted, nor does it indicate which factors in 20 C.F.R. § 404.1527(d) and § 416.927(d) were considered or how they were weighed.

The court observes that the ALJ's decision mentions all of the opinions by Dr. Sanchez and summarizes all of the treatment records from Dr. Sanchez that were included in the record. (Tr. 12-

---

[2] The ALJ observed that Dr. Sanchez had been dealing with Garrett's workers' compensation claim, and the parties agree that, as stated by the ALJ, the standard for determining disability for workers' compensation benefits differs from the applicable standard for social security benefits. (Tr. 13, 16.) However, Garrett points out that some of Dr. Sanchez's reports and opinions were issued after the settlement of Garrett's workers' compensation case in July 2008. (Tr. 411-19.) Further, it appears that Dr. Sanchez was aware of the workers' compensation settlement and that Garrett still had a disability claim pending as of October 2008. (Tr. 382.)

13.) Despite this summary, however, the ALJ's decision contains no explanation as to any divergence between Dr. Sanchez's opinion as to Garrett's limitations and the medical records. The ALJ's conclusory statement that "[c]onsidered in light of the record as a whole, Dr. Sanchez's May 2009 assessment did not show inability to perform substantial gainful activity for any period lasting, or expected to last, for at least 12 continuous months" is insufficient for the court to determine that persuasive contrary evidence existed to support the ALJ's rejection of Garrett's treating physician's opinion. See Mastro, 270 F.3d at 178. In this appeal, the parties dispute the extent to which these treatment notes support Dr. Sanchez's opinions, and although the Commissioner points to other medical records that may support rejecting Dr. Sanchez's opinions, these records were not mentioned or discussed by the ALJ. See Golembiewski v. Barnhart, 322 F.3d 912, 915-16 (7th Cir. 2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); Steel v. Barnhart, 290 F.3d 936 (7th Cir. 2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ."). Therefore, upon thorough review of the record as a whole, the briefs of the parties, and the ALJ's decision, the court cannot say that the ALJ's decision regarding Dr. Sanchez's opinions is supported by substantial evidence and based on a correct application of the law. While some of the reasons and medical evidence offered by the Commissioner may support discounting Dr. Sanchez's opinions, the ALJ's decision fails to contain sufficient specificity to permit this court to review this matter. Therefore, the court is constrained to remand this matter for the ALJ to reconsider Dr. Sanchez's opinion in

accordance with the law discussed above, including stating the weight that he is providing to Dr. Sanchez's opinions and articulating the reasons for his decision.[3]

**B.     Other Issues**

Reconsideration of Dr. Sanchez's opinions may affect the ALJ's determination as to the subsequent steps of the sequential evaluation, including Garrett's credibility[4] and the RFC assessment. Further, several of Garrett's arguments appear to rely at least in part on Dr. Sanchez's opinions. Therefore, in light of the court's recommendation that this matter be remanded for further consideration, the court need not address Garrett's remaining issues, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 29, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] The court expresses no opinion as to whether Dr. Sanchez's opinions should ultimately be given controlling weight.

[4] To the extent that Garrett alleges that the ALJ's credibility analysis is unsupported by substantial evidence because it contains incorrect statements of the evidence in the record, these arguments may be presented to the ALJ on remand.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).