**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Timothy H. Garrett, | ) | C/A No. 0:10-2454-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on November 30, 2011. Dkt. No. 13. For the reasons set forth below, the court adopts the Report in part, reverses the Commissioner's decision and remands the matter to the Commissioner for further proceedings.

**STANDARD**

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

1

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## BACKGROUND

In May 2007, Plaintiff applied for SSI and DIB, alleging disability as of February 6, 2005 due

to an injured left knee, left knee replacement, right knee problems, nerve problems, back pain, and hepatitis. Tr. 136. Plaintiff later amended his alleged onset date to July 14, 2007. Tr. 23. Plaintiff's applications were denied initially and on reconsideration by the Social Security Administration. Plaintiff requested a hearing, which was held by an administrative law judge ("ALJ") on May 9, 2009. The ALJ, in a decision issued August 26, 2009, found that Plaintiff was not under a disability. The Appeals Council denied Plaintiff's request for review on September 10, 2010, making the ALJ's decision the final decision of the Commissioner.

On September 21, 2010, Plaintiff filed this action seeking review of the Commissioner's decision arguing that it is not supported by substantial evidence. Dkt. No. 1. Plaintiff argues that the ALJ failed to (1) explain what weight was given to Dr. Sanchez's opinion and why his opinion was discounted or rejected; (2) cite to specific medical evidence to support his RFC assessment; (3) properly consider Plaintiff's complaints of pain and make a proper credibility determination; and (4) use a vocational expert. Dkt. No. 7.

## DISCUSSION

The Report recommends that the court reverse the Commissioner's decision and remand this matter because it not supported by substantial evidence. Dkt. No. 13. The Report concludes that the ALJ failed to properly consider the opinion of treating physician Dr. Sanchez and recommends remand based on this issue. *Id.* The Report, however, does not consider the merits of Plaintiff's arguments listed above as numbers two through four. The court, however, finds it necessary to consider Plaintiff's other arguments but concludes that the ALJ did not err with respect to these other issues.

In objections filed on December 19, 2011, the Commissioner argues that the Magistrate

Judge erred in finding that the ALJ failed to explain what weight was given to the opinion of Dr. Sanchez and what evidence contradicted Dr. Sanchez's opinion. Dkt. No. 15. On January 5, 2012, Plaintiff responded to the Commissioner's objections arguing that the Report correctly found that the ALJ neither explained the weight attributed to Dr. Sanchez's opinion nor why his opinion was rejected. Dkt. No. 17. Neither argues that the Report should have addressed Plaintiff's other issues.

**Treating Physician Opinion.** Dr. Sanchez was Plaintiff's treating orthopedist during the relevant time period. *Id.* at 5. According to the ALJ, "Dr. Sanchez provided a very limited residual functional capacity ["RFC"] assessment showing inability to perform even sedentary work on a regular, sustained basis." *Id.* at 7. The ALJ found, however, that "[c]onsidered in light of the record as a whole, Dr. Sanchez's [RFC] assessment did not show inability to perform substantial gainful activity for any period lasting, or expected to last, for at least 12 continuous months." *Id.* Ultimately, the ALJ concluded that Plaintiff was not disabled because Plaintiff could perform sedentary work. As explained in the Report, the ALJ failed to explain what evidence in the record contradicted Dr. Sanchez's RFC assessment. Dkt. No. 13 at 9. Further, the ALJ failed to state what weight he gave to Dr. Sanchez's opinion, i.e., whether he rejected it completely or discounted it. *Id.*

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a

4

treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)). The ALJ must, however, explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion. Social Security Ruling (SSR) 96-2p; *see also* 20 C.F.R. § 404.1527(d)(2) (outlining factors an ALJ must consider when determining what weight to give a treating physician's opinion)[1]. "Even if legitimate reasons exist for rejecting or discounting certain evidence, the Secretary cannot do so for no reason or for the wrong reason." *Richardson v. Dir.*, *Office of Workers' Comp. Programs*, United States DOL, 94 F.3d 164, 168-69 (4th Cir.1996) (quoting *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir.1980)). The court must "judge the propriety of [an agency's] action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

The court rejects the Commissioner's argument that the ALJ properly evaluated Dr. Sanchez's opinion. In his objections, the Commissioner cites to evidence in support of rejecting Dr. Sanchez's opinion regarding Plaintiff's functional limitations. Dkt. No. 15. However, as the Report explains, the ALJ, not the Commissioner, must explain why a treating physician's opinion is discounted or rejected. Dkt. No. 13 at 9. Although the ALJ implied that there was evidence to contradict Dr. Sanchez's RFC assessment, the ALJ failed to cite to such evidence. The Report correctly concludes that the ALJ's decision is not supported by substantial evidence because the ALJ failed to explain why he rejected or discounted Dr. Sanchez's opinion.

**Other Issues.** The Report did not address the three remaining issues raised by Plaintiff in

---

[1] The factors include the length of the treatment relationship; the frequency of examinations; the nature and extent of the treatment relationship; support of the opinion afforded by medical evidence; consistency of the opinion with the record as a whole; and specialization of the treating physician. 20 C.F.R. § 404.1527(d).

his opening brief because "they may be rendered moot on remand." Dkt. No. 13 at 10. The court, however, finds it necessary to address the remaining issues as they may not be moot if the ALJ finds, on remand, Dr. Sanchez's opinion should be afforded little or no weight. The court considers below whether the ALJ erred with respect to the RFC assessment, Plaintiff's complaints of pain and his credibility determination, and the lack of vocational expert testimony.

Plaintiff argues in his opening brief that the ALJ did not cite to specific medical evidence to support his RFC assessment. Dkt. No. 7 at 6-7. However, the ALJ described the medical evidence earlier in his decision when discussing Plaintiff's impairments and whether those impairments were disabling. Tr. 12-15. Plaintiff's argument is essentially that the RFC is incorrect and the ALJ should have adopted Dr. Sanchez's RFC opinion. The court finds that this issue is dependent upon the ALJ's treatment of Dr. Sanchez's opinion.

Plaintiff also argues that the ALJ failed to consider Plaintiff's complaints of pain when determining Plaintiff's ability to work. The ALJ found that, "during the period at issue, the claimant experienced pain and other symptoms. However, the claimant's symptoms were not of the intensity, frequency, persistence, and limiting effect as would preclude substantial gainful activity." Tr. 16. The ALJ found that, although Plaintiff experienced pain, Plaintiff's pain was not disabling and that he was able to perform sedentary work. Tr. 15-16. In his discussion of Plaintiff's RFC, the ALJ stated that standing for long periods of time aggravated Plaintiff's pain and the RFC limited standing and walking to about two hours of the total workday. Tr. 15. The ALJ, however, did not find Plaintiff's subjective complaints of pain fully credible because of Plaintiff's activities of daily

living,[2] which included "taking care of personal needs, driving an automobile, making very simple meals if necessary, watching television, performing standing yard work for up to 30 minutes at a time, riding a lawn mower for short periods, and going out to visit friends." Tr. 15. Although Plaintiff argues that he testified that his daily activities were more limited, there is substantial evidence in the record that Plaintiff engaged in these activities at some point after the alleged onset date of his disability (July 14, 2007).[3] The court finds no error in the assessment of Plaintiff's complaints of pain or in the determination of Plaintiff's credibility.

Finally, Plaintiff argues that the ALJ failed to use a vocational expert ("VE") to address the vocational impact of the combination of Plaintiff's exertional and nonexertional limtations.[4]

---

[2] In evaluating the intensity, persistence, and limiting effects of a claimant's subjective symptoms, such as pain, the ALJ should consider: objective medical evidence; claimant's daily activities; location, duration, frequency, and intensity of claimant's symptoms; factors that aggravate the symptoms; type, dosage, effectiveness, and side effects of any medication claimant takes to alleviate the symptoms; treatment claimant receives for the symptoms; measures other than treatment claimant uses to relieve the symptoms; and any other factors concerning claimant's functional limitations and restrictions due to the symptoms. SSR 96-7p.

[3] The Commissioner cites to, among other evidence, a daily activities questionnaire completed by Plaintiff on June 5, 2007, as evidence that Plaintiff's daily activities were inconsistent with his complaints of pain. Dkt. No. 10 at 20 (citing Tr. 145-48). Although Plaintiff originally alleged a disability onset date of February 6, 2005, Plaintiff subsequently amended his onset date to July 14, 2007. The court, therefore, gives little to no weight to Plaintiff's daily activities questionnaire dated June 5, 2007. The court finds substantial evidence after July 14, 2007 to support the ALJ's finding regarding Plaintiff's daily activities. *See* Tr. 387-98 (dated February 2008) (rides a lawnmower, "picks up around basement area where he has a room," fixes small meals, drives an automobile, visits at least two friends, and goes to the store with his mother sometimes); Tr. 197-98 (dated May 2008) (watches television, cooks hamburgers occasionally, and can weed-eat for 30 minutes and ride a lawnmower for short periods of time).

[4] An exertional limitation is one that affects the claimant's ability to meet the strength requirements of jobs. 20 C.F.R. § 404.1569a. A nonexertional limitation is one that affects the ability to meet the demands of the job other than strength demands. *Id.* Nonexertional limitations may include difficulty functioning because of being nervous, anxious, or depressed; difficulty maintaining attention or concentrating; difficulty understanding or remembering detailed

Plaintiff argues that, because of his nonexertional limitations of pain and depression, the ALJ was required to use VE testimony and could not rely on the Medical-Vocational Guidelines (the "Grids").[5] The ALJ's decision does not state that Plaintiff has nonexertional limitations. Because the ALJ did not find Plaintiff's complaints of pain to be fully credible, the ALJ did not find that Plaintiff's pain was a nonexertional limitation. Tr. 16. Further, the ALJ found that Plaintiff had situational depression that did not significantly limit Plaintiff's ability to work and that the depression neither lasted for nor was expected to last 12 months. *Id.* Because the ALJ found that Plaintiff's pain and depression did not limit Plaintiff's ability to work, i.e., were not nonexertional limitations, the ALJ properly relied on the Grids and did not need VE testimony to make a disability determination.

The court finds that the ALJ did not err with respect to Plaintiff's RFC, consideration of Plaintiff's complaints of pain, Plaintiff's credibility determination, or reliance on the Grids. However, if the ALJ accepts some or all of Dr. Sanchez's opinion on remand, the remainder of the sequential evaluation process will likely change, and the ALJ will need to consider the effect of Dr. Sanchez's opinion on Plaintiff's credibility determination (including complaints of pain) and the RFC determination.

The court adopts the Report in part and reverses and remands the Commissioner's decision

---

instructions; difficulty seeing or hearing. *Id.*

[5] If a claimant has a complex case of exertional and nonexertional limitations, the testimony of a VE may be required. "However, an ALJ is not always required to consider testimony of a VE in order to find a claimant 'not disabled' when the claimant has both exertional and nonexertional limitations." *Boland v. Astrue*, No. 3:08-798, 2009 WL 2431536 at *7 (E.D. Va. Aug. 7, 2009) (citing SSR 84-14; 20 C.F.R. §§ 404.1569a, 416.969a; Appendix 2, Subpt P, Part 404, § 200.00(e); *Campbell v. Barnhart*, 2002 WL 32595046, *14 (E.D. Va. Aug.15, 2002)). "If Plaintiff's nonexertional limitations have a minimal effect on his exertional occupational base, then a finding directed by the Grids is sufficient, and testimony by a VE is unnecessary." *Id.* (citing SSR 83-14; *Eason v. Astrue*, No. 2:07-cv-00030-FL, 2008 WL 4108084, at *5 (E.D.N.C. Aug.29, 2008)).

8

for further proceedings to properly state what weight is given to Dr. Sanchez's opinion and to articulate the reasons for his decision.

## CONCLUSION

For the reasons stated above, the court adopts the Report in part, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remands the case to the Commissioner for further proceedings consistent with this order and the Report.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 20, 2012